JOHN W. KOIN vs. ROBERT McILVAINE & E. G. COLLIER.

(Motion to dismiss for the want of writ of error.)

An appearance by defendant's counsel on the docket, is not such a waiver of a writ of error, as to cure the want of it.

An allusion in a bond, of record in the case, made by way of recital, refering to the case as an appeal (the bond bearing date subsequent to the term at which judgment was rendered) is insufficient to show to this court that an appeal was applied for or granted.

When three terms have intervened, without any showing to the court of the existence of any writ of error, or appeal, and without the prosecution of a *certiorari,* to obtain the writ of error, it is cause of dismissal.

GOLDTHWAITE, for Defendant,
Moved to dismiss this cause for want of a writ of error.

STEWART asked that a *certiorari* might be issued, to bring up the writ of error : or if the court would not grant this, he asked that the trial might proceed : the plaintiff in error was ready ; and as this case had been here for several terms, it was too late to dismiss for want of a writ of error.

BY ONE OF THE COURT :
Can you cite any case where this court has dispensed with a writ of error ?

STEWART.—I do not recollect any case of the kind. But this case has been continued from term to term, without any motion to take advantage of the defect : is the party now to be entrapped by this motion ?

The bond speaks of this case as an *appeal.* The bond is certified by the clerk ; and it is by the certificate of the clerk

Koin
vs.
McIlvaine &
Collier.

that appeals are made known to this court. Is not this evidence of an appeal?

By Mr. Chief Justice SAFFOLD:

The record appears to have been filed 10th January, 1833. During the same time a special *certiorari* was ordered to bring up the writ of error ; which issued in March following, but of which there has been no return.

At each of the three succeeding terms, the cause appears to have been continued ; but there has been no waiver of the writ of error, unless an appearance by the defendants' counsel, on the docket, would constitute it. This would be sufficient notice of the writ, if it was regularly before the court. Not so, however, in respect to the existence of the writ of error, which must be the foundation of the procedure in this court, and our only warrant for entertaining jurisdiction in civil suits, except in cases of appeal. It is insisted that this may have been an appeal, as a bond of record alludes to an appeal, in which it purports to have been taken. This allusion having been made only by way of recital, in the condition of the bond, and which bond is understood to bear date subsequent to the time at which the judgment was rendered, it is insufficient to show that an appeal was applied for or granted.

We have heretofore recognised the principle, which appears to be as salutary as any we can adopt, that in the event of the death of a party, pending a writ of error, if the adverse party, or the representatives of the deceased, fail for two terms, including that at which the death was suggested of record, to institute and regularly pursue the proper means for supplying the want of parties, the suit will be abated. By analogy, the principle should be the same in a case like this. Here, *three terms* have intervened, without any showing to the court of the existence of any writ of error, or appeal, and without the prosecution of an *alias certiorari*, to obtain the writ of error.

*A joinder in error*, as we have formerly held—(*Tombeckbee Bank* vs. *Freeman*,[a]) or an *express waiver* of the writ, would supply this defect: but we cannot consider the waiver sufficiently implied by the appearance of counsel on the docket, or the continuances.

The writ of error must therefore be dismissed.